ORIGINAL



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

            v.

MOBILE BILLBOARDS OF AMERICA,
INC., INTERNATIONAL PAYPHONE
COMPANY, RESERVE GUARANTY
TRUST, MICHAEL A. LOMAS and
MICHAEL L. YOUNG,

                    Defendants.

CIVIL ACTION FILE
NO._____ 1·04-CV-2763

WBH

S. DISTRICT COURT - DE
MISC. CASE # 05-128

**ORDER GRANTING PERMANENT INJUNCTIONS,
FREEZING ASSETS, APPOINTING A RECEIVER AND ORDERING
OTHER ANCILLARY RELIEF AS TO DEFENDANTS MOBILE
BILLBOARDS OF AMERICA, INC., INTERNATIONAL PAYPHONE
COMPANY AND RESERVE GUARANTY TRUST**

The Plaintiff Securities and Exchange Commission ("Commission") having

filed a Complaint and Defendants Mobile Billboards Of America, Inc. ("Mobile

Billboards"), International Payphone Company ("International Payphone")

and doing business as Outdoor Media Industries ("Outdoor Media") and Reserve

Guaranty Trust ("Reserve Guaranty") having entered general appearances;

CERTIFICATION OF DOCUMENT

I hereby attest and certify that this is a true and correct copy of a document which was electronically filed with the United States District Court for the Northern District of

Date Filed September 21, 2005
By _____
Luther D. Thomas, Clerk of Court
June 15, 2005

consented to the Court's jurisdiction over Defendants and the subject matter of this

action; consented to entry of this Order Granting Permanent Injunctions, Freezing

Assets, Appointing a Receiver and Ordering Other Ancillary Relief ("Consent

Order") without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law with respect to this

Order; and waived any right to appeal from this Consent Order :

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

Defendants Mobile Billboards, International Payphone  and Reserve Guaranty, their

agents, servants, employees, attorneys, assigns, and all persons in active concert or

participation with them who receive actual notice of this Consent Order by personal

service or otherwise are permanently restrained and enjoined from directly or

indirectly,

(a)     making use of the means or instruments of transportation or

communication in interstate commerce or of the mails to sell securities,

through the use or medium of a prospectus or otherwise;

(b)     carrying securities or causing such securities to be carried through the

mails or in interstate commerce, by any means or instruments of

transportation, for the purpose of sale or for delivery after sale; and

2

(c)    making use of the means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell

or offer to buy securities, through the use or medium of any prospectus

or otherwise, without a registration statement having been filed with

the Commission as to such securities,

in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities

Act")[15 U.S.C. §§ 77e(a) and 77e(c)].

## II.

**IT IS FURTHER ORDERED** that Defendants Mobile Billboards,

International Payphone and Reserve Guaranty, their agents, servants, employees,

attorneys, assigns, and all persons in active concert or participation with them, who

receive actual notice of this Consent Order by personal service or otherwise, in

connection with the purchase or sale or in the offer or sale of securities, by use of any

means or instrumentalities of interstate commerce or any means or instruments of

transportation or communication in interstate commerce, or by the mails or any

facility of any national securities exchange, be, and hereby are, permanently enjoined

and restrained from, directly or indirectly:

(a)    employing any device, scheme or artifice to defraud;

(b)    engaging in any act, practice, transaction or course of business which

operates or would operate as a fraud or deceit upon any person;

(c)    obtaining money or property by means of any untrue statement of a

material fact, or omitting to state a material fact necessary in order to

make the statements made, in the light of the circumstances under which

they were made, not misleading; or

(d)    making any untrue statement of a material fact or omitting to state a

material fact necessary in order to make the statements made, in light of

the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a), Section 10(b) of

the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R.

240.10b-5, thereunder.

## III.

**IT IS FURTHER ORDERED** that, pending entry of the Final Judgment in

this matter, all assets of, or under the control of, Defendants Mobile Billboards,

International Payphones, itself and doing business as Outdoor Media and Reserve

Guaranty, are frozen, except as otherwise specified herein.  Pending entry of the Final

Judgment, Defendants Mobile Billboards, itself and d/b/a Outdoor Media, and

Reserve Guaranty, their officers, agents, servants, employees, attorneys, and all

persons in active concert or participation with them, except any trustee, receiver or

special fiscal agent appointed by this Court, be, and hereby are, restrained from,

directly and indirectly, transferring, setting off, receiving, changing, selling, pledging,

assigning, liquidating or otherwise disposing of or withdrawing any assets and

property owned by, controlled by, or in the possession of said defendant. The freeze

shall include but not be limited to those funds located in any bank accounts,

brokerage accounts, or any other accounts or property of Defendants Mobile

Billboards, International Payphone d/b/a Outdoor Media and Reserve Guaranty.

IV.

**IT IS FURTHER ORDERED** that the Commission may take expedited

discovery as follows:

A.    The Commission may take depositions upon oral examination subject

to ten days notice prior to expiration of 30 days after service of the Summons and

Complaint, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; and

B.    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon

request of the Commission, Mobile Billboards, International Payphones, itself and

doing business as Outdoor Media and Reserve Guaranty shall produce all

documents within ten days of service of such request;

All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475 Lenox Road N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other place as counsel for the Commission may direct, by the most expeditious means available.

## V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] against Mobile Billboards, International Payphonesa and Reserve Guaranty and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendants Mobile Billboards, International Payphones and Reserve Guaranty shall pay prejudgment interest thereon, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). The Court may determine the issues raised in the motion on the basis of the allegations of the complaint, supplemented by testimony, affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED that *S. Gregory Hays* be and hereby is appointed as Receiver, without bond, for the estates of Defendants Mobile Billboards, International Payphone itself and doing business as Outdoor Media and Reserve Guaranty unless and until the Court orders otherwise. The estates for which *Mr. Hays* is hereby appointed Receiver are hereinafter referred to as the "Receiver Estate." The Receiver Estate shall include the above-named defendants and any entities owned by them.

## VII.

IT IS FURTHER ORDERED that the Receiver shall have and possess all powers and rights to efficiently administer and manage the Receiver Estate, including but not limited to the power:

A.    to take custody, control and possession of all the funds, property, premises, leases, and other assets of or in the possession or under the direct or indirect control of the Receiver Estate, to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for and collect,

recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other papers;

B.     to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

C.     to pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receiver Estate;

D.     to make such payments and disbursements from the funds so taken into his custody, control and possession or thereafter received, and to incur such expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.     to open bank accounts in the name of the Receiver on behalf of the Receiver Estate;

F.     to engage and employ others (without Court approval), including but not limited to consultants, attorneys, accountants, experts and employees of a firm owned by the Receiver, to assist him in his duties, except that any payment to others for their services shall be subject to Court approval;

G.     to take any action which could be taken by the officers, directors,

partners and trustees of the Receiver Estate;

H.    to suspend, terminate or grant a leave of absence to any employees of

the Receiver Estate; and

I.    to take such other action as may be approved by this Court.

## VIII.

**IT IS FURTHER ORDERED** that no person holding or claiming any

position of any sort with the Receiver Estate shall possess any authority to act by or

on behalf of any of the Receiver Estate, except as authorized by the Receiver.  With

respect to the asset freeze set forth herein, the Receiver shall be authorized, but not

required, to administer, manage, and direct the marshaling, disbursement and/or

transfer of monies or other assets held by third parties that are subject to the freeze.

The Receiver may, in the reasonable exercise of his discretion, authorize the release,

use or segregation of proceeds held by third parties if he believes such action is

necessary to preserve the Receiver Estate.

## IX.

**IT IS FURTHER ORDERED** that no shareholders, officers, directors,

partners or trustees of the corporations or other entities that make up the Receiver

Estate shall exercise any of their rights or powers with respect to the Receiver Estate

until further order of the Court.

## X.

**IT IS FURTHER ORDERED** that all persons receiving notice of this order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning or in any way conveying any property or assets of the Receiver Estate and from the transaction of any business of the Receiver Estate except with the approval of the Receiver.

## XI.

**IT IS FURTHER ORDERED** that, all persons acting for or on behalf of the Receiver Estate, and all persons receiving notice of this order by personal service or otherwise, having possession of the property, business, books, records, accounts or assets of the Receiver Estate are hereby directed to deliver the same to the Receiver, his agents and/or employees.

## XII.

**IT IS FURTHER ORDERED** that the Defendants Mobile Billboards, International Payphone, itself and d/b/a Outdoor Media, Reserve Guaranty, Michael A. Lomas and Michael L. Young, their agents, servants, employees, nominees, attorneys and entities under their direct or indirect control shall cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver, in the performance of his duties. This section

shall not be construed to waive any privileges of any person, Constitutional or otherwise.

## XIII.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Receiver Estate or under their control, and that receives actual notice of this order by personal service, facsimile transmission or otherwise shall, within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

## XIV.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of the defendants' offering of securities offerings as outlined in the Commission's complaint including but not limited to the defendants' solicitation, receipt, disposition and use of the proceeds from such offerings.

## XV.

**IT IS FURTHER ORDERED** that the Receiver shall have the power to compel, including by subpoena, the appearance and testimony of all persons and the production of the originals of any records, of any sort whatsoever, within the possession, custody or control of any person, in performing his duties hereunder. The Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege.

## XVI.

**IT IS FURTHER ORDERED** that, on fifteen (15) days written notice from the Receiver, the defendants shall make themselves available for deposition and shall produce to the Receiver the originals of any records in his custody, possession or control relating to the financial affairs, from January 1, 2001 through the present, of Defendants Mobile Billboards, International Payphone and Reserve Guaranty. Nothing in this consent shall be construed to be a waiver of any privilege of any person, Constitutional or otherwise.

## XVII.

**IT IS FURTHER ORDERED** that the Receiver may investigate in connection with discovering additional information as it relates to activities of the Receiver Estate. The Receiver shall have the authority to investigate regarding such

related parties and employees prior to filing any litigation, and shall have the express

authority to order consumer reports in the course of any such investigation.

## XVIII.

**IT IS FURTHER ORDERED** that the Receiver and any person engaged or

employed by the Receiver, are entitled to reasonable compensation from the assets of

the Receiver Estate, subject to the prior approval of the Court.

## XIX.

**IT IS FURTHER ORDERED** that the Receiver shall be empowered, but is

not required, to file voluntary petitions for relief under Title 11 of the United States

Code (the Bankruptcy Code) for the Receiver Estate.  If a bankruptcy petition is filed,

the Receiver shall become, and shall be empowered to operate the Receiver Estate as

a debtor in possession.  The Receiver shall have all of the powers and duties as

provided a debtor in possession under the Bankruptcy Code to the exclusion of any

other person or entity.

## XX.

**IT IS FURTHER ORDERED** that the Receiver, should he elect to file

petitions under Title 11 of the United States Code for any of the Receiver Estate, shall

have 15 days from the date of such filing to file with the Bankruptcy Court any lists

or schedules required to be filed with such petitions, this Court recognizing that the

Receiver will require time to assemble such data for filing.

## XXI.

**IT IS FURTHER ORDERED** that except by leave of this Court all creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. All creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the possession, recovery or management by the Receiver of the property and assets owned, controlled, belonging to, or in the possession of the Receiver Estate, or to interfere with the Receiver in any manner during the pendency of this proceeding.

## XXII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate.

## XXIII.

**IT IS FURTHER ORDERED** that the Receiver is authorized to record this Order with government offices and to serve this Order on any person as he deems appropriate in furtherance of his responsibilities in this matter.

## XXIV.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the defendants to comply in any way with the terms of this Order.

## XXV.

**IT IS FURTHER ORDERED** that, except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by the defendants, or any other person, by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter.

## XVI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants' Consent are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants Mobile Billboards, International Payphone and Reserve Guarantee shall comply with all of the undertakings and agreements set forth therein.

## XXVII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated: _September 21_, 2004

_____
UNITED STATES DISTRICT JUDGE

16

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS***You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Northern District of Georgia
Notice of Electronic Filing

The following transaction was received from jdb entered on 9/24/2004 at 8:55 AM EDT and filed on 9/21/2004
Case Name:    Securities and Exchange Commission v. Mobile Billboards of America, Inc. et al
Case Number: 1:04-cv-2763
Filer:
Document Number:   3

Docket Text:
ORDER granting [2] Motion for Judgment, permanent injunctions, freezing assets, appointing a receiver and ordering other ancillary relief as to dfts Mobile Billboards of America, Inc., International Payphone Company, and Reserve Guaranty Trust . Signed by Judge Richard W. Story on 9/21/04. (jdb)

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314192-0]
[9ca36f0d2a3448be7e7b70ddf9527d0c5e40efc15b836fce05ac43e6bb28a4085c86
b9f12daaf3b3b742427c36f09236fe8a4c6a56994d4fcfa382f4be1e77ef]]

1:04-cv-2763 Notice will be electronically mailed to:

William P. Hicks    Hicksw@SEC.Gov

James Alexander Rue    ruea@sec.gov, kuceram@sec.gov

1:04-cv-2763 Notice will be delivered by other means to: