ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 21 2004

LUTHER D. ~~~~~, Clerk
By ~~~~~

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

MOBILE BILLBOARDS OF AMERICA,
INC., INTERNATIONAL PAYPHONE
COMPANY, RESERVE GUARANTY
TRUST, MICHAEL A. LOMAS and
MICHAEL L. YOUNG,

Defendants.

CIVIL ACTION FILE
NO.

1:04-CV-2763

WBH

U. S. DISTRICT COURT - DE
MISC. CASE # 05-128

## Complaint For Injunctive And Other Relief

The plaintiff, Securities and Exchange Commission ("Commission" or the "Plaintiff"), files this complaint and alleges the following:

### Summary

CERTIFICATION
CM/ECF

I hereby attest and certify that this is a true
copy. The original document
was electronically filed with the United States
District Court for the Northern District of
Georgia.

Date Filed September 21 2004
By ~~~~~ Deputy Clerk
Luther D. Thomas, Clerk of Court
June 15, 2005

From 2001 through the present, Mobile Billboards of America, Inc. ("Mobile Billboards"), International Payphone Company, itself and doing business

-1-

FORMS RECEIVED
Consent to US Mag.
Pretrial Instructions
Rule 26 ~~~
Due

as Outdoor Media Industries ("Outdoor Media") and Reserve Guaranty Trust

("Reserve Guaranty") sold approximately $60.5 million of a mobile billboard

investment to approximately 700 investors. Michael L. Lomas and Michael L.

Young, the chairman of the board and president, respectively of Mobile Billboards,

designed, directed and controlled the sale of the investment.

    2.    The scheme involves the sale and leaseback of mobile (mountable on

trucks) billboards that Mobile Billboards sold for $10,500, $20,000 or multiples

thereof. Outdoor Media, operating as a division of International Payphone, leases

the billboards back from investors for seven years for monthly payments

equivalent to 13.49% annually. Reserve Guaranty purportedly operates as a sinking

fund and issues investors certificates that guarantee funding for Mobile Billboards'

commitment to buy back the billboard frames at full purchase price at the end of

the seven-year lease.

    3.    The collective business did not generate sufficient advertising revenue

to make monthly lease payments to investors and, instead, relied on new investor

money to make those payments. Thus, the investment program operates as a Ponzi

scheme.

4.    Mobile Billboards' sales materials also made false claims grossly overstating the number of billboards that were operational and misrepresented the value of assets contributed to Reserve Guaranty.

5.    The mobile billboard investments were sold through a network of independent sales agents. Mobile Billboards paid sales commissions of between 15% and 22%. None of the defendants is registered as a broker-dealer.

6.    The mobile billboard investments that the defendants sell to investors are securities, but no registration statement has been filed in connection with any of these investments and no exemption is available.

7.    By virtue of its conduct, Mobile Billboards, International Payphone and Reserve Guaranty have engaged and, unless enjoined, will continue to engage, in violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act")[15 15 U.S.C. 77e(a), 77e(c) and 77q(a)],  Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. 78j(b)], and Rule 10b-5 promulgated thereunder,[17 C.F.R. 240.10b-5].

8.    By virtue of their conduct, defendants Lomas and Young have engaged and, unless enjoined, will continue to engage, in violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [ 15 U.S.C. 77e(a), 77e(c) and 77q(a)],

and Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)], and Rule 10b-5

promulgated thereunder [17 C.F.R. 240.10b-5]; and aiding and abetting violations

of Section 15(a) of the Exchange Act [15 U.S.C. 78o(a)].

### Jurisdiction And Venue

9.    The Commission brings this action pursuant to Sections 20(b), (c) and

(d) of the Securities Act [15 U.S.C. 77t(b)-(d)] and Sections 21(d) and 21(e) of the

Exchange Act [15 U.S.C. 78u(d)-(e)], to enjoin the defendants from engaging in the

transactions, acts, practices and courses of business alleged in this Complaint, and

transactions, acts, practices and courses of business of similar purport and object, for

disgorgement of ill-gotten gains, civil penalties and other relief.

10.    This Court has jurisdiction over this action pursuant to Sections 20(b),

20(d) and 22(a) of the Securities Act [15 U.S.C. 77t(b), 77t(d) and 77v(a)] and

Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. 78u(d), 78u(e) and

78aa].

11.    The defendants, directly and indirectly, have made use of the mails,

the means and instrumentalities of interstate commerce, and the means and

instruments of transportation and communication in interstate commerce, in

connection with the transactions, acts, practices, and courses of business alleged in
this Complaint.

12.    Venue lies in this Court pursuant to Section 22(a) of the Securities Act
[15 U.S.C. 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. 78aa], because
certain of the transactions, acts, practices and courses of business constituting
violations of the Securities Act and Exchange Act have occurred within the
Northern District of Georgia.  Defendant International Payphone maintains its
principal office in Norcross, Georgia.  More than $2 million of the Mobile
Billboards investment has been sold to thirty-eight investors located in the
Northern District of Georgia.

## The Defendants

13.    **Mobile Billboards of America, Inc.** is a Delaware corporation
incorporated on January 22, 2001.  Mobile Billboards maintains offices in
Newbury, Ohio and Bridgeton, Missouri.  Mobile Billboards is the subject of
cease-and-desist orders in North Carolina and Pennsylvania.

14.    **International Payphone Company** (itself and d/b/a **Outdoor
Media**) is a Delaware corporation with its principal offices located in Norcross,
Georgia.  Outdoor Media is an inactive Delaware corporation that was merged into

-5-

International Payphone in February 2002 and now operates as a division of that company. International Payphone operates out of offices in Georgia, Missouri and Ohio.

15. **Reserve Guaranty Trust** is a Delaware statutory business trust formed in September 2000 and located in Washington, DC. The assets of the trust are held in custody by a custodial trustee. Young, as administrative trustee for Reserve Guaranty, directs and controls the activities of Reserve Guaranty.

16. **Michael A. Lomas** ("Lomas") age 58, resides in Long Beach, California. Lomas is the Chairman of Mobile Billboards. Lomas is the sole beneficiary of First Century Trust ("First Century"), which owns 100% of the voting stock of Mobile Billboards and 44% of the stock of International Payphone.

17. **Michael L. Young** ("Young"), age 57, resides in Bridgeton, Missouri. Young is the president and a director of Mobile Billboards. He serves as an administrative trustee for Reserve Guaranty. Young owns 46% of the outstanding stock of International Payphone.

## Facts

### The Mobile Billboards Flex Frame Investment Program

18.    From at least November 2001 through the present, the defendants sold more than $60.5 million of billboard investments to approximately 700 investors throughout the United States.

19.    The investment was structured so that an investor purchased a billboard frame from Mobile Billboards and simultaneously entered into a leaseback agreement with Outdoor Media under which the investor received monthly lease payments equivalent to 13.49% annually.

20.    Mobile Billboards also entered into a buy-back agreement with the investor providing that Mobile Billboards will repurchase the investment for the full sales price after seven years.

21.    To support the availability of funds for the buyback, Reserve Guaranty, a trust controlled by Young, issues to the investor a "Trust Secured Certificate."

22.    The billboard frame that Mobile Billboards offers and sells investors attaches to the sides of a truck and includes a global positioning satellite ("GPS") tracking system. These billboard frames, which purportedly adjust to the size of the truck, are designed to hold advertising copy on a vinyl canvas that is stretched over the frame.

-7-

23.    Mobile Billboards calls these billboards "flex frames" and sells a flex

frame billboard package for two sides of a truck plus a GPS monitoring system for

$20,000. Mobile Billboards also offers and sells a flex frame for one side of a

truck with a GPS system for $10,500.

24.    Mobile Billboards offers investors two alternatives for the use of the

flex frames.

25.    One alternative provides that investors operate the mobile billboard

business themselves.

26.    The second alternative, which has been chosen by 100% of the

investors, provides that Outdoor Media will lease the frame from the investor,

make regular monthly lease payments equivalent to 13.49% per year and manage

the business by securing advertisers and leasing truck space for the leased billboard

frame.

27.    Mobile Billboards' ability to buy-back the flex frame at the end of

seven years is purportedly guaranteed by Reserve Guaranty, another entity that

Lomas and Young created and control.

28.    Mobile Billboards represents to investors that it pays $5,000 of the

initial $20,000 purchase price ($2,500 for a $10,500 flex frame) to Reserve

Guaranty at the inception of the lease to create a sinking fund to support the buy-back.

29.    In consideration for the $5,000 payment, Reserve Guaranty issues to the investor a "Trust Secured Certificate" which entitles the investor to "an undivided beneficial interest in the assets of Reserve Guaranty with a liquidation amount of up to [$20,000 times the number of billboards] purchased."

30.    According to the Mobile Billboards' offering materials, "[i]n order to achieve the higher yields needed for redemption of the equipment, up to 90% of the assets of the Trust are invested in pay phones, mobile billboards or other non-standard trust investments, which is less diversified than standard trust investments, ..."

31.    Reserve Guaranty was purportedly established as a statutory trust to protect the sinking fund from Mobile Billboards' creditors.

32.    Young serves as an administrative trustee for Reserve Guaranty and directs its affairs.

33.    Mobile Billboards, Outdoor Media and Reserve Guaranty are controlled by Lomas and Young.

-9-

34.    No registration statement has been filed with the Commission in connection with the investments.

## Misrepresentations

35.    The proposed defendants fail to disclose that Mobile Billboards and Outdoor Media depend on funds from new investors to meet their lease payment obligations to earlier investors and, thus, are operating the investment as a Ponzi scheme.

36.    Outdoor Media's income statement for 2003, which is not provided to investors, shows $979,256 of billboard advertising revenue, split $290,015 to Outdoor Media and $684,250 to Reserve Guaranty.

37.    Outdoor Media paid $3,213,522 in investor lease payments during 2003, an average of $267,794 per month. The total revenue Outdoor Media reported for the year 2003 would pay only about three months' of lease payment to investors.

38.    Outdoor Media made total lease payments to investors in the first seven months of 2004 in the amount of $2,642,127. The average total monthly

lease payments for that period were $377,477. Total advertising revenue for 2004 was $536,366, less than required to pay two months' of lease payments.

39.     Mobile Billboards also misrepresents the number of billboards that Outdoor Media has operational.

40.     Mobile Billboards' most recent offering circular claimed that there were 3,039 "operating mobile billboard Business Opportunities" as of March 31, 2004.

41.     Mobile Billboards also reported that the assets of Reserve Guaranty included 4,112 billboards as of December 31, 2003.

42.     Mobile Billboards has fewer than 200 operating billboards.

43.     Mobile Billboards' list of purported operating billboards identifies many trucking companies that either do not have frames mounted on their trucks, have not entered into contracts with Outdoor Media or have never heard of the company.

44.     For example, F & I Trucking in the metropolitan New York area is identified as having 72 operating billboards. In fact, only four of F & I Trucking's trucks were used in an advertising campaign several years ago. The company has had no activity with Outdoor Media since that time.

-11-

45.    Mobile Billboards claimed that two companies in the San Francisco area have a total of 444 operating billboards.

46.    One of those companies, GSC Logistics, had discussions with Outdoor Media about placing frames on its 315 trucks in 2001, but never entered into a contract with Outdoor Media. No frames or advertising were ever placed on the company's trucks.

47.    Mobile Billboards represented that the other company, Durkee Drayage, has 129 trucks operating with billboards. In fact, Durkee has no Outdoor Media billboard frames on its trucks.

48.    The billboard frames sold to investors consist of kits made up of eight-foot lengths of metal strips, the number depending on the size of the truck, and a bag of mounting screws.

49.    The supplier that provides the billboard frame kits sold 2,833 of these kits to Mobile Billboards since the beginning of 2003.

50.    Mobile Billboards has instructed the supplier to ship 185 of the frame kits. The balance of the frames that Mobile Billboards has purchased and paid for, 2,526 frame kits, remain in inventory awaiting shipping instructions from the defendants.

51.    Mobile Billboards also claims falsely that the frame system it sells is patented.

52.    Mobile Billboards also misrepresents to investors that it makes a $5,000 payment to Reserve Guaranty for every billboard sold.

53.    In fact, Mobile Billboards contributes billboard frames and payphones to Reserve Guaranty in lieu of cash payments and overstates the values of the assets contributed.

54.    For example, Mobile Billboards values the billboards it has purportedly contributed to Reserve Guaranty at $1,500 apiece, although Mobile Billboards pays between $238 and $278 for each frame.

55.    Mobile Billboards also misrepresents the number of billboards contributed to Reserve Guaranty.

### Unregistered Broker-Dealer

56.    Lomas and Young direct an independent sales force of insurance salesmen and others who offer and sell the program, including the Reserve Guaranty trust certificate, to investors through direct mail advertising, newspaper advertisements and other means.

57.    Mobile Billboards pays commissions ranging from 15% to 22%, but the offering circular it provides to investors does not disclose the payment of any commissions. None of the defendants are registered with the Commission as broker-dealers. At least some of the salesmen are not registered with the Commission as broker-dealers.

## COUNT I — UNREGISTERED OFFERING OF SECURITIES

### Violations of Sections 5(a) and 5(c) of the Securities Act
### [15 U.S.C. §§ 77e(a) and 77e(c)]

58.    Paragraphs 1 through 57 are restated and incorporated herein by reference.

59.    No registration statement has been filed or is in effect with the Commission pursuant to the Securities Act and no exemption from registration exists with respect to the transactions described herein.

60.    From at least November 1, 2001 through the present, defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, singly and in concert, have:

(a)     made use of the means or instruments of transportation or
        communication in interstate commerce or of the mails to sell securities,
        through the use or medium of a prospectus or otherwise;

(b)     carried securities or caused such securities to be carried through the
        mails or in interstate commerce, by any means or instruments of
        transportation, for the purpose of sale or for delivery after sale; and

(c)     made use of the means or instruments of transportation or
        communication in interstate commerce or of the mails to offer to sell or
        offer to buy securities, through the use or medium of any prospectus or
        otherwise, without a registration statement having been filed with the
        Commission as to such securities.

By reason of the foregoing, defendants Mobile Billboards, Outdoor Media,
Reserve Guaranty, Lomas and Young, directly and indirectly, singly and in
concert, have violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§
77e(a) and 77e(c)].

## COUNT II – FRAUD

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]

-15-

61.    Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

62.    From October 2001 through the present, defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, in the offer and sale of the securities described herein, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, employed devices, schemes and artifices to defraud purchasers of such securities, all as more particularly described above.

63.    In engaging in such conduct, the Defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

64.    By reason of the foregoing, the defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT III—FRAUD

### Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act
### [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]

65.     Paragraphs 1 through 57 are hereby realleged and are incorporated

herein by reference.

66.     From at least November 1, 2001 through the present, defendants

Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, in the

offer and sale of the securities described herein, by use of means and instruments of

transportation and communication in interstate commerce and by use of the mails,

directly and indirectly:

a)      obtained money and property by means of untrue statements of

        material fact and omissions to state material facts necessary in order to

        make the statements made, in light of the circumstances under which

        they were made, not misleading; and

-17-

b)     engaged in transactions, practices and courses of business which

would and did operate as a fraud and deceit upon the purchasers of

such securities,

all as more particularly described above.

67.    By reason of the foregoing, defendants Mobile Billboards, Outdoor

Media, Reserve Guaranty, Lomas and Young, directly and indirectly, have violated

and, unless enjoined, will continue to violate Sections 17(a)(2) and 17(a)(3) of the

Securities Act [15 U.S.C. 77q(a)(2) and 77q(a)(3)].

### COUNT IV--FRAUD
### Violations of Section 10(b) of the Exchange Act
### [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder  [17 C.F.R. § 240.10b-5]

68.    Paragraphs 1 through 57 are hereby realleged and are incorporated

herein by reference.

69.    From at least November 1, 2001 through the present, defendants

Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, in

connection with the purchase and sale of securities described herein, by the use of the

means and instrumentalities of interstate commerce and by use of the mails, directly

and indirectly:

-18-

a)  employed devices, schemes, and artifices to defraud;

b)  made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c)  engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities,

all as more particularly described above.

70.  The defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, the defendants acted with scienter, that is, with intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

71.  By reason of the foregoing, defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, directly and indirectly, have violated

and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act

[15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## COUNT V — EFFECTING SECURITIES TRANSACTIONS FOR THE ACCOUNTS OF OTHERS WITHOUT BEING REGISTERED WITH THE COMMISSION AS A BROKER-DEALER

### Violations of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]

72.    Paragraphs 1 through 57 are hereby restated and incorporated by

reference.

73.    From at least November 1, 2001 through the present, defendants

Lomas and Young aided and abetted independent sales agents engaged in business

as brokers, using the mails and the means and instrumentalities of interstate

commerce, to effect transactions in, or induce or attempt to induce the purchase or

sale of securities, without registering with the Commission as brokers, as more

particularly described above.

74.    By reason of the transactions, acts, omissions, practices and courses of

business set forth above, defendants Lomas and Young aided and abetted

violations Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

-20-

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Commission respectfully prays for:

I.

Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that the Defendants named herein committed the violations alleged herein.

II.

A temporary restraining order, preliminary and permanent injunctions enjoining the defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order of injunction, by personal service or otherwise, and each of them, whether as principals or as aiders and abettors, from violating, directly or indirectly, Sections 5(a), 5(c) and 17(a) of the Securities Act, 15 U.S.C. 77e(a), 77e(c) and 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. 78j(b), and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder.

III.

A temporary restraining order, preliminary and permanent injunctions enjoining the defendants Lomas and Young, their officers, agents, servants,

-21-

employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order of injunction, by personal service or otherwise, and each of them, whether as principals or as aiders and abettors, from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. 78o(a).

### IV.

An order requiring accountings by the Defendants and ordering them to disgorge all ill-gotten gains or unjust enrichment, with prejudgment interest thereon, to effect the remedial purposes of the federal securities laws, and an order freezing the assets of the defendants and preserving documents, in order to preserve the status quo.

### V.

An order pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] imposing civil penalties against defendants Mobile Billboards, Outdoor Media, Reserve Guaranty, Lomas and Young.

### VI.

An Order appointing a Receiver for the assets of defendants Mobile Billboards, International Payphone Company, itself and doing business as Outdoor Media, and Reserve Guaranty.

VII.

Such other and further relief as this Court may deem just, equitable, and

appropriate in connection with the enforcement of the federal securities laws and for

the protection of investors.

Dated: September 21, 2004

Respectfully submitted,

William P. Hicks
District Trial Counsel
Georgia Bar No. 351649

Alex Rue
Senior Trial Counsel
Georgia Bar No. 618950
Counsel for Plaintiff
Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, Georgia 30326-1232
Tel: (404) 842-7675 (Hicks)
Tel: (404) 842-7616 (Rue)
Fax: (404) 842-7679
E-mail:    Hicksw@SEC.GOV;
            Ruea@sec.gov

AO 440 (Rev. 10/93) Summons in a Civil Action    ORIGINAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

Securities and Exchange Commission,

Plaintiff,

V.

Mobile Billboards Of America, Inc.,
International Payphone Company,
Reserve Guaranty Trust,
Michael A. Lomas and
Michael L. Young,

Defendants.

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

2763

TO:  International Payphone Company
11520 Saint Charles Rock Road
Bridgeton, MO  63044

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William P. Hicks, Esq.
Alex Rue, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E.,  Suite 1000
Atlanta, GA  30326-1232

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive
of the day of service.    If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

_____          SEP 2 7 2004
CLERK                                        DATE


_____
(BY ) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action          ORIGINAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

Securities and Exchange Commission,

**SUMMONS IN A CIVIL CASE**

Plaintiff,

V.

**CASE NUMBER:**

Mobile Billboards Of America, Inc.,
International Payphone Company,
Reserve Guaranty Trust,
Michael A. Lomas and
Michael L. Young,

1:04-CV-2763

Defendants.

TO:  Michael A. Lomas
    65 Pine Ave., Apt. 177
    Long Beach, CA  90802

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William P. Hicks, Esq.
Alex Rue, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA  30326-1232

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service.    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS                                    SEP 21 2004

_____                    _____
CLERK                                               DATE

_____
(BY ) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action   ORIGINAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

Securities and Exchange Commission,

Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

Mobile Billboards Of America, Inc.,
International Payphone Company,
Reserve Guaranty Trust,
Michael A. Lomas and
Michael L. Young,

Defendants.

CASE NUMBER:

1 :04-CV-2763

TO:  Mobile Billboards Of America, Inc.
11520 Saint Charles Rock Road
Bridgeton, MO  63044

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William P. Hicks, Esq.
Alex Rue, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E.,  Suite 1000
Atlanta, GA  30326-1232

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service.    If you fail to do so, judgment by default will  be  taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a  reasonable period of time after service.

LUTHER D. THOMAS

SEP 2 1 2004

CLERK                                                      DATE

(BY ) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action ORIGINAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

Securities and Exchange Commission,

**SUMMONS IN A CIVIL CASE**

Plaintiff,

V.

CASE NUMBER:
1 ˙04 - CV - 2763

Mobile Billboards Of America, Inc.,
International Payphone Company,
Reserve Guaranty Trust,
Michael A. Lomas and
Michael L. Young,

Defendants.


TO: Reserve Guaranty Trust
5301 Wisconsin Avenue, NW
4th Floor
Washington, DC 20015


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William P. Hicks, Esq.
Alex Rue, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, GA 30326-1232


an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service.    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


LUTHER D. THOMAS                          SEP 21 2004
_____               _____
CLERK                                      DATE


_____
(BY ) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action    ORIGINAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

Securities and Exchange Commission,

                    Plaintiff,

              **V.**

Mobile Billboards Of America, Inc.,
International Payphone Company,
Reserve Guaranty Trust,
Michael A. Lomas and
Michael L. Young,

                    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

1:04-CV-2763

TO:  Michael L. Young
      11520 Saint Charles Rock Road
      Bridgeton, MO  63044

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

      William P. Hicks, Esq.
      Alex Rue, Esq.
      Securities and Exchange Commission
      3475 Lenox Road, N.E.,  Suite 1000
      Atlanta, GA  30326-1232

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service.    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS                    SEP 2 1 2004
_____      _____
CLERK                                    DATE

_____
(BY ) DEPUTY CLERK

Content-Type: text/html

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Northern District of Georgia
Notice of Electronic Filing

The following transaction was received from entered on 9/24/2004 at 8:19 AM EDT and filed on 9/21/2004
Case Name:    Securities and Exchange Commission v. Mobile Billboards of America, Inc. et al
Case Number: 1:04-cv-2763
Filer:   Securities and Exchange Commission
Document Number:   1

Docket Text:
COMPLAINT filed and summon(s) issued. Consent form to proceed before U.S. Magistrate and pretrial instructions given to attorney , filed by Securities and Exchange Commission.
(Attachments: # (1) Summons# (2) Summons# (3) Summons# (4) Summons# (5) Summons)(jdb)

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-0]
[95d6723bee9bf0508be3ac9d92e0d26fd457bd2c58019e9caac7bd20feb06ae94875
5ceb6e43e6d1ee74b725792e799f9f13357a8f25125f7491c64fb2b97f9a]]
Document description: Summons
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-1]
[4510c57cb8b232af6882b2371c2b854114edcd160c7eb4073437690da6ed089c68ec
c0d580fb48ff3ca8fef98b3b3fd2467dea160291750f8579da64b5848372]]
Document description: Summons
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-2]
[088be70df53a2842f8ef723d67abe98c6539cd49fb7628aa75f3021e5fe64291a285
418c7cbcf085c504781810cf51491543d4f562a434552335f1ee9d7e4dd3]]
Document description: Summons
Original filename:n/a
Electronic document Stamp:

[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-3]
[818c1a9c2b78da0812321624debaef55d4a8fd8380be3977089e00454a29f7875dbb
f60c08323103ffe00de17022fbee962f32e40566dcd2ed4b5b3fa51f77c8]]
Document description: Summons
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-4]
[129263e4b7c7944741817ec827951f8ce5de88c3cd38d17ebda7332dc404ad21d9bb
cfbebae6faaf7a8e8f2309df6f8f7008e5e82ab2254d477aa9f331be40c5]]
Document description: Summons
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=9/24/2004] [FileNumber=314134-5]
[948d8119fdb02e29212c0236475444abf7266a75ffbdfb96f4c451e0df3db04436ab
a107bec282f0f193f13e854ba3ae6b19b0b82a9afd36c53eefa77d5d82b2]]

1:04-cv-2763 Notice will be electronically mailed to:

William P. Hicks    Hicksw@SEC.Gov

James Alexander Rue    ruea@sec.gov, kuceram@sec.gov

1:04-cv-2763 Notice will be delivered by other means to: